# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR CHARLES HARRIS and<br>LESLEY SUSAN STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN<br>INFORMATION SOLUTIONS, INC.,<br>EQUIFAX INFORMATION SERVICES,<br>LLC and CUSTOMERS BANK,<br><br>    Defendants. | Civil Action No. 2:21-cv-02148-CMR |

## AMENDED COMPLAINT

## PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers, Arthur Charles Harris and Lesley Susan Stewart, against Trans Union, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax") and Customers Bank, for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## THE PARTIES

1. Plaintiffs Arthur Charles Harris and Lesley Susan Stewart are adult individuals residing in Chester Springs, Pennsylvania.

2. TransUnion is a Delaware limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

3. Experian is an Ohio corporation registered to conduct business in the Commonwealth of Pennsylvania.

4. Equifax is a Georgia limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

5. Customers Bank is a Pennsylvania corporation, having its principal place of business located at 701 Reading Avenue, West Reading, PA 18611.

**JURISDICTION & VENUE**

6. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

**FACTUAL ALLEGATIONS**

8. Mr. Harris and Ms. Stewart are "consumers" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

9. TransUnion, Experian and Equifax are "consumer reporting agencies" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

10. Customers Bank is a "furnisher" as that term is defined by the FCRA. 15 U.S.C. §1681s-2(b).

11. TransUnion, Experian and Equifax have been and continue to sell credit reports about Plaintiffs.

12. The credit reports sold by TransUnion, Experian and Equifax are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

13. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history to third parties (the "inaccurate information").

14. The inaccurate information includes the reporting of Plaintiffs' Customers Bank mortgage account with an erroneous late payment history including reporting the account at issue as 30 days late for the period of December 2020.

15. Plaintiffs, using their own bank's electronic payment application scheduled their December payment to Customers Bank to be completed on December 10, 2020.

16. Plaintiffs' bank was forced to make payment on behalf of Plaintiffs by using US Mail because Customers Bank forces consumers to use US Mail to submit mortgage payments to it despite the near ubiquitous use of electronic fund transfers by other banks for payments of this kind.

17. Upon information and belief, Plaintiffs' bank (TD Bank) placed a check in the US Mail directed to Customers Bank for the December payment in advance of the above stated date.

18. In December 2020, the US Postal Service was experiencing unprecedented and historic delays in processing mail delivery as a result of the COVID-19 pandemic and the increased use of US Mail during the holiday season in light of the pandemic.

19. Despite the fact that the delays which existed with the US Postal Service were well known to Customers Bank, Customers Bank did nothing to provide consumers with the option to make payment using electronic fund transfer and to date continues to operate using its outdated mail only payment option.

20. Indeed, Customers Bank itself knew that its payment systems were remarkably outdated after the onset of the pandemic and even acknowledge the same in its white paper "The

COVID-19 Playbook" criticizing its own practices during the pandemic and admitting that the company needs to improve by increasing reliance on digitization when interacting with its customers.

21. Plaintiffs' December 2020 payment was delivered to Customers Bank by the US Postal Service on January 4, 2021 shortly after the December 31, 2020 cutoff date due to postal service delays.

22. On or about December 22, 2020, Plaintiff spoke with Customers Bank about the December 2020 payment.

23. During that telephone call, Customers Bank representative admitted Customers Bank was experiencing mail delivery delays that month and that at least three dozen other customers were experiencing the very same problem.

24. During the telephone call, Plaintiffs offered to cancel the check that was still in the mail and make other arrangements to make payment. Customers Bank representative, however, instructed Plaintiffs not to cancel that check and further confirmed that any late fees associated with the payment for December 2020 would be waived.

25. Notwithstanding the above, Customers Bank nonetheless treated the December 2020 payment as a 30 day late payment and erroneously reported it as such to Experian, Equifax and TransUnion.

26. On or about January 7, 2021, Plaintiff Lesley Susan Stewart contacted Customers Bank directly to explain that she had previously contacted Customers Bank about the December 2020 payment and was instructed to allow the check to make its way through the mail and that any late fees would be waived and was now seeing it reported as late on her credit reports.

27. On or about January 28, 2021, despite its representations to Plaintiffs, and despite the fact that Plaintiffs were not at fault in any respect for the delays related to the December 2020 payment, Customers Bank advised Plaintiffs they were going to continue to report the account at 30 days late to Experian, Equifax and TransUnion.

28. This inaccurate and/or materially misleading information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

29. Plaintiffs further have disputed the inaccurate information with Defendants by following Trans Union, Experian and Equifax's established procedures for disputing consumer credit information.

30. Plaintiffs have been disputing the inaccurate information with TransUnion, Experian and Equifax from April 2021 through the present.

31. Upon information and belief, TransUnion, Experian and Equifax provided Customers Bank with notice of Plaintiffs' disputes.

32. Notwithstanding Plaintiffs' efforts, TransUnion, Experian and Equifax have sent Plaintiffs correspondence indicating their intent to continue publishing the inaccurate information and TransUnion, Experian and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. TransUnion, Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least April 2021 through the present.

33. TransUnion, Experian and Equifax negligently and recklessly failed to conduct reasonable investigations of Plaintiffs' disputes, *inter alia*, by: failing to conduct any investigation into the account at all; failing to review and consider the information submitted by Plaintiffs;

failing to contact Plaintiffs to elicit more specific information about their disputes; failing to contact persons or entities with knowledge about the account; failing to obtain documents and information that would verify that the account was not paid late; and failing to properly communicate the substance of the disputes to the relevant furnishers of the account at issue.

34. TransUnion, Experian and Equifax also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

35. Customers Bank has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiffs' disputes from TransUnion, Experian and Equifax, *inter alia,* by: failing to conduct any investigation into the account at all; failing to properly review the relevant account information; failing to review and consider information submitted by Plaintiffs; failing to contact Plaintiffs to elicit more specific information about their disputes; failing to review documents that would have otherwise verified that the account was not paid late; failing to contact persons or entities with knowledge about the account; and/or failing to report the account as disputed.

36. Customers Bank also acted knowingly recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

37. As of result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

38. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

39. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

### COUNT I – TRANS UNION, EXPERIAN & EQUIFAX
### VIOLATIONS OF THE FCRA

40. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

41. TransUnion, Experian and Equifax violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports about Plaintiffs as described above. 15 U.S.C. § 1681e(b).

42. TransUnion, Experian and Equifax also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiffs' disputes as described above. 15 U.S.C. §1681i(a).

43. The conduct of TransUnion, Experian and Equifax was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiffs as described above.

44. As a result of the violations of the FCRA by TransUnion, Experian and Equifax identified herein, these Defendants are liable to Plaintiffs for damages to include: statutory

damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## COUNT II – CUSTOMERS BANK
## VIOLATIONS OF THE FCRA

45. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

46. Customers Bank violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiffs' disputes as described above. 15 U.S.C. § 1681s-2(b).

47. The conduct of Customers Bank was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiffs as described above.

48. As a result of the violations of the FCRA by Customers Bank identified herein, this Defendant is liable to Plaintiffs for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## JURY TRIAL DEMAND

49. Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.

                                              Respectfully Submitted,

**GORSKI LAW, PLLC**

_____
GREGORY GORSKI
PA Attorney ID: 91365
1635 Market Street, Suite 1600
Philadelphia, PA 19103
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: July 26, 2021